## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

CURTIS GENE RICHEY                                          PETITIONER
ADC # 152837

V.                              No. 3:22-272-DPM-JTR

DEXTER PAYNE,
Director, Arkansas Division of Correction                  RESPONDENT

## <u>RECOMMENDED DISPOSITION</u>

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I.   Background

On July 25, 2012, a Lawrence County, Arkansas jury convicted petitioner Curtis Gene Richey ("Richey") of four counts of rape. *State of Arkansas v. Curtis Richey*, 38CR-11-106 (Lawrence Co., Ark. Jul. 16, 2012); *Doc. 2 at 1*; *Doc. 12-2 at*

74–77; *Richey v. State*, 2013 Ark. App. 382, 1. The victim of the rape was R.R., Richey's daughter.

Evidence presented at trial included testimony from: (1) Richey; (2) R.R.; (3) Nona Richey (Richey's Mother); and (4) law enforcement. *Richey*, 2013 Ark. App. 382, 2–3; *Doc. 16-1 at 70–95, 97–170, 177–183, 184–209.* Additionally, the jury heard an audiotape of Richey's admissions of guilt made during an interview with law enforcement officers. *Doc. 16-1 at 126–155.* Richey was sentenced to a total of thirty-five years in the Arkansas Department of Correction. *Doc. 12-2 at 77; Richey*, 2013 Ark. App. 382, 1.

Richey, through counsel, appealed to the Arkansas Court of Appeals, alleging that the trial court erred when it denied his Motions for Directed Verdict because the State of Arkansas failed to present sufficient evidence to convict him. *Doc. 2 at 2; Doc. 12-2 at 6, 64.* On June 19, 2013, the Arkansas Court of Appeals affirmed his convictions. *Doc. 2 at 2; Doc. 12-5*; *Richey*, 2013 Ark. App. 382, 5. Richey did not seek review from the Arkansas Supreme Court. *Doc. 2 at 2.* Accordingly, on July 9, 2013, the Court of Appeals issued its Mandate. *Doc. 12-5 at 2*.

In an Affidavit of Due Diligence attached to his habeas Petition, Richey avers that, on March 8, 2021, he initially filed a Rule 37 Petition, pursuant to the Arkansas

Rules of Criminal Procedure, in Jackson County Circuit Court. *Doc. 2 at 30.*[1] After he did not receive a response to this Rule 37 Petition, Richey alleges he filed a Motion "to get Judge Rod Ratton to Answer[.]" *Id.* According to Richey, after this Motion, Judge Ratton responded to his second Motion and told Richey "it was out of time and in the wrong county." *Doc. 2 at 30.*

Subsequently, Richey filed another Rule 37 Petition in Lawrence County Circuit Court on August 17, 2021. *Doc. 2 at 3, 30*; *Doc. 12-1 at 3.* According to Richey, he "never received any legal mail to notify me of any outcome from [my] Petition for post-conviction relief. Only after I wrote the Judge did he tell me it was denied and untimely."[2] *Doc. 2 at 6.* According to the publicly available court records, the Lawrence County Circuit Court has not ruled on Richey's Rule 37 Petition. *Doc. 12-1.*

Richey filed his *pro se* § 2254 habeas Petition on October 21, 2022. *Doc. 2.* He alleges three claims in support of habeas relief: (1) ineffective assistance of counsel (*Doc. 2 at 5–7*); (2) a *Brady v. Maryland* violation (*Doc. 2 at 7–9*);[3] and (3) prosecutorial misconduct (*Doc. 2 at 9–11*).

---

[1] To be timely, this Rule 37 Petition was required to be filed within sixty days of July 9, 2013, the date the Court of Appeals issued its Mandate. Ark. R. Crim. P. 37.2(c)(ii).

[2] Richey further alleges that the Lawrence County Circuit Judge told him "[e]ven though you [sic] have merit, you are out of time." *Doc. 2 at 16.*

[3] 373 U.S. 83 (1963).

On November 30, 2022, Respondent Payne filed a Motion to Dismiss and Brief in Support. *Docs. 10, 11*. Respondent argues that Richey's habeas claims are barred by the applicable statute of limitations. *Docs. 10, 11.* Richey filed a Response to Respondent's Motion on January 3, 2023. *Doc. 14.* Thus, the issues are joined and ready for disposition.

For the reasons explained below, the Court concludes that Richey's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Accordingly, the Court recommends that Richey's habeas Petition be dismissed, with prejudice.

## II.    Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A)-(D). Under AEDPA, the statute of limitations begins to run on one of four possible dates. Importantly, the statute of limitations in § 2244(d)(1) applies on a claim-by-claim basis to each claim within an application. *DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014).

In most habeas cases, the limitations period begins to run from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

4

However, if a petition alleges newly discovered evidence, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, § 2244(d)(1)(A) applies to Richey's ineffective assistance of counsel and prosecutorial misconduct claims while § 2244(d)(1)(D) applies to Richey's *Brady* claim.

### 1. Richey's Ineffective Assistance of Counsel and Prosecutorial Misconduct Claims are Time-Barred.

Richey's ineffective assistance of counsel claim alleges that his trial counsel failed to: (1) investigate; (2) contact witnesses; and (3) have a medical exam performed on the victim. *Doc. 2 at 18.* At the time his judgment became final, Richey already knew about each of the ways his lawyer had allegedly provided ineffective assistance of counsel. Although Richey argues that he only learned about the lack of a medical exam in 2021, Richey knew about the lack of a "DNA test" during his trial, as evidenced by Mr. Richey's testimony on cross-examination:

| | |
|---|---|
| Prosecutor: | You heard the audio, yes? |
| Richey: | Yes, sir. But there is no proof. That she went and had a test done. Where is the DNA test if all that happened? |
| Prosecutor: | I'm confused. You think that because you said you did it—she said you did it, there needs to be a DNA test to prove to this jury that you did it? |

<div style="margin-left: 2em;">

Richey:                         I'm just saying it would help prove. It wouldn't be no he said/she said stuff.

</div>

*Doc. 16-1* at 198–199. Richey clearly knew about the lack of an examination at trial.[4] Accordingly, the limitations period for Richey's ineffective assistance of counsel claim began to run from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Richey's prosecutorial misconduct claim alleges that the prosecutor made inflammatory, improper, and misleading remarks in open court during his trial. *Doc. 2 at 9; 24.* Richey also alleges that the prosecutor used police to question the witnesses and not "forensic interviewers." *Id. at 9.* To the extent that alleged misconduct took place in Richey's presence, he has been aware of this potential constitutional error since his trial in 2012. Additionally, evidence of who initially interviewed the witnesses would be known to Richey at trial. Thus, § 2244(d)(1)(A) also applies to Richey's prosecutorial misconduct claim, which he has initiated several years after the expiration of the applicable one-year statute of limitations in

---

[4] Richey either knew about the factual predicate underlying his claim or could have learned about the factual predicate underlying his claim *before* his conviction became final. The 28 U.S.C. § 2244(d)(1) statute of limitations runs from the "latest of" each possible date. As such, the later date—when his judgment became final—applies.

§ 2244(d)(1)(A). *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgment becomes "final" on the date that the time for seeking review expires).[5]

    a.   Statutory Tolling as to Richey's Ineffective Assistance of Counsel and Prosecutorial Misconduct Claims

The AEDPA limitations period is tolled while a "*properly filed*" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2) (emphasis added). This provision does not apply to Richey's ineffective assistance of counsel or prosecutorial misconduct claims because state court post-conviction applications filed after the statute of limitations has passed *do not* qualify for statutory tolling. *See Jackson v. Ault,* 452 F.3d 734, 736–36 (8th Cir. 2006) (statute of limitations not tolled during pendency of state proceeding brought after limitations period had expired); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

The statute of limitations on Richey's ineffective assistance of counsel and prosecutorial misconduct claims expired in July 2014. Although he is not entitled to

---

[5] Richey did not seek review from the Arkansas Supreme Court. *Doc. 2 at 2.* Richey had one year from July 9, 2013, or until July 8, 2014, to initiate this habeas action.

any statutory tolling, he could be entitled to equitable tolling but only if he can prove one of the narrow exceptions required to justify such tolling.[6]

    b. <u>Equitable Tolling Does Not Apply to Richey's Ineffective Assistance of Counsel and Prosecutorial Misconduct Claims</u>

Richey argues that "[d]ue to the ineffective and inexperience of both trial and direct appeal counsel, I was left with the idea I had nothing else I could do." *Doc. 2 at 15*. He also contends his appellate counsel failed to "notify petitioner of any outcome from his direct appeal." *Doc. 14 at 4*. Liberally construed, Richey is arguing these were "extraordinary circumstances" that prevented him from timely filing this habeas action. However, nothing about those alleged failings by his appellate counsel come close to the kind of extraordinary circumstances necessary to support equitable tolling. *See United States v. Martin*, 408 F.3d 1089, 1096 (8th Cir. 2005) (petitioner entitled to equitable tolling where lawyer asked to file a § 2255 motion misrepresented the law, misrepresented the status of motions within the case, and retained possession of documents that were crucial to petitioner's claim).

---

[6] The one-year limitations period may be equitably tolled if a habeas Petitioner can show that he diligently pursued his rights, but that some extraordinary circumstances stood in his way and prevented timely filing. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). It is Richey's burden to prove he is entitled to this "exceedingly narrow window of relief." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Similarly, he has made no arguments explaining how, *for the last ten years*, he has "diligently pursued" his rights. *See Pace v. DiGuglielmo,* 544 U.S. 408 (2005) (petitioner who waited five months after his state post-conviction relief was final did not exercise diligence); *see also Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010) (filing delay of nine months after Arkansas Supreme Court denied rehearing showed lack of diligence).

Accordingly, Richey's ineffective assistance of counsel and prosecutorial misconduct claims are time-barred.

### 2.  Richey's *Brady* Claim Is Also Time-Barred.

In support of his *Brady* claim, Richey argues that the prosecutor allegedly withheld "impeachment and exculpatory" evidence that prejudiced him, along with DHS reports and "interviews of [the victim's] siblings . . . stating nothing ever happened." *Doc. 2 at 7.*

Richey's Petition alleges that he learned about this "withheld evidence" for the first time in 2021. *Doc. 2 at 7–8*. In support of this argument, Richey attached three affidavits to his habeas Petition—one from himself, two from his son, Jared Richey.

In Jared Richey's first affidavit he states that: "On January of 2021, I called my sister, [R.R.], I told her I had a friend who needed to know where to get a rape

kit done, and she told me that she had no idea and that she had never had one done."
*Doc. 2 at 32.*[7]

In Richey's affidavit, he states that: "In January of 2021, I was talking with my son, Jared. He let me know that my daughter [R.R.] told him she never had an examination to see if she had sex." *Doc. 2 at 30.*

Thus, Richey seems to be arguing that he first learned from Jared, in January of 2021, that he had a factual basis for believing the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland.* Richey admitted to law enforcement that he had sex with R.R. and R.R. confirmed in her testimony that Richey had sex with her. Given Richey's admission of guilt, and his daughter's testimony, no reasonable prosecutor or jurist could view R.R. not being administered a rape kit as something that was in any way relevant, much less exculpatory evidence.

Finally, Richey admitted in his affidavit that he learned R.R. was not administered a rape kit in January 2021, which meant the one-year statute of limitations expired, at the latest, on January 31, 2022. Richey initiated this habeas action on October 22, 2022. Accordingly, Richey's *Brady* claim is time-barred

---

[7] In his second affidavit, Jared Richey stated that "Valerie [Boothroyd] (R.R's mother) called the FBI about [R.R] and Curtis Richey case . . . . Valerie told Raven, Kim, and Caleb Richey that they would be living the good life if they would move to Australia with her. After six months they all told me they were ready to come back to America." *Doc. 2 at 33.* Evidence regarding who reported R.R.'s story is not new. Testimony at trial discussed the initial tip coming from Australia, where Valerie Boothroyd lived. *Doc. 16-1 at 108-109.*

unless the Court determines that statutory or equitable tolling extended the one-year limitations period.

  a.  <u>Statutory Tolling Does Not Apply to Richey's Brady Claim</u>

The AEDPA's one-year limitations period is only tolled while a "*properly filed*" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2) (emphasis added). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An untimely post-conviction petition is not "properly filed." *Pace*, 544 U.S. 408, 417 (2005).

Richey's Rule 37 Petition was not timely filed within sixty days after the Arkansas Court of Appeals issued its Mandate affirming Richey's conviction. Accordingly, Richey is not entitled to any statutory tolling on his *Brady* claims, which means those claims are time-barred unless he can establish he is entitled to equitable tolling.

  b.  <u>Equitable Tolling Does Not Apply to Richey's *Brady* Claim</u>

As previously explained, the narrowly proscribed grounds for equitable tolling only apply if Richey can demonstrate that he was diligent in pursuing his rights, but some extraordinary circumstance stood in his way and prevented him from filing a timely habeas claim.

According to Richey, his family began an unsuccessful and belated search for an attorney to represent him in the Rule 37 proceeding, which forced Richey to file a *pro se* Rule 37 Petition in August of 2021. *Doc. 2 at 30-31.* Nothing about those alleged obstacles constitute extraordinary circumstances. Trying to retain post-conviction counsel is a routine difficulty for many habeas petitioners. The Eighth Circuit has held it is not an extraordinary circumstance that can support equitable tolling. *Jackson v. Ault*, 452 F.3d 734, 736–37 (8th Cir. 2006); *see also Jihad v. Hvass*, 267 F.3d 803, 806–07 (8th Cir. 2001) (unsuccessful search for counsel not extraordinary circumstance).

The Eighth Circuit also has made it clear that, standing alone, a petitioner's *pro se* status, lack of legal knowledge or legal resources, or confusion about the limitations period do not constitute extraordinary circumstances warranting equitable tolling. *See Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Finally, the fact that Richey was pursuing collateral relief in state court does not excuse him from diligently taking steps to preserve and timely pursue his federal habeas claims. *See Pace,* 544 U.S. at 416 (prisoner seeking state post-conviction relief can file a "protective" federal habeas petition and ask federal court to stay the

habeas action until conclusion of state proceedings); *Runyan v. Burt,* 521 F.3d 942, 945–46 & n.4 (8th Cir. 2008) (no equitable tolling where petitioner's post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker v. Norris,* 436 F.3d 1026, 1030–31 (8th Cir. 2006).

Accordingly, Richey's *Brady* claim is time-barred.

## B. Actual Innocence

Liberally construing Richey's Response, he argues that so-called evidence consisting of a "new statement" by R.R., DHS reports, and interviews, demonstrate that he is actually innocent.[8]

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383 (2013). The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*

---

[8] Actual innocence is a gateway claim that "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

*v. Delo*, 513 U.S. 298, 329 (1995) and *House v. Bell*, 547 U.S. 518, 538 (2006)) (internal quotations omitted). This requires a habeas petitioner to come forward with *new reliable evidence* which was not available at trial through the exercise of due diligence. *Kidd v. Norman,* 651 F.3d 947, 951–53 (8th Cir. 2011) (emphasis added). A federal habeas court must then consider "all the evidence, old and new, incriminating and exculpatory," and make a "probabilistic determination about what reasonable, properly instructed jurors would do." *House,* 547 U.S. at 538. This is a "demanding" standard that permits review only in "extraordinary" cases. *Id.*

The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012). Examples of the proper type of evidence include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" *Schlup,* 513 U.S. at 324.

First, Richey argues that purported DHS interviews of R.R. and her siblings establish that "nothing ever happened." Importantly, Richey has not produced the alleged interviews or any of the purported DHS documents that demonstrate his actual innocence. Instead, he simply alleges that such reports and interviews might exist.

14

Obviously, purported new evidence, that is *not* produced, is facially suspect, impossible to independently evaluate, and self-serving in the extreme. Suffice it to say, "it falls far short of the high and exacting evidentiary standard established by the Supreme Court in *House* and its progeny." *White v. Hobbs*, No. 5:10-CV-00357-DPM-JTR, 2012 WL 2054931, at *12 (E.D. Ark. May 9, 2012), *report and recommendation adopted*, No. 5:10-CV-357-DPM-JTR, 2012 WL 2019236 (E.D. Ark. June 5, 2012) (rejecting an assertion of actual innocence where the new evidence consisted of a habeas petitioner's allegations about the content of evidence not in the record).

Second, Richey's bare assertion of R.R.'s purported partial recantation to her brother, Jared, in which she allegedly said "she was told to lie, and she was sorry" is not new reliable evidence of innocence. *Doc. 2 at 15.* Such a purported statement by a child who was raped by her father, which comes by the way of hearsay testimony from one of her brothers, falls well short of the kind of sworn recantation testimony, *from an actual victim*, that *might* qualify as "new reliable evidence" of actual innocence.

Finally, Richey's sophistry to support a claim of his actual innocence, ignores the fact that *he admitted* to law enforcement that he had sex with R.R. Nothing in the record remotely supports Richey's claim that the Court should reach and decide the merits of his time-barred habeas claims under the actual innocence exception.

15

### III.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Respondent Payne's Motion to Dismiss (*Doc. 10*) be GRANTED;

2.      Richey's Petition for Writ of Habeas Corpus (*Doc. 2*) be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE; and

3.      A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 16th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE